James J. Pisanelli, Esq. Bar No. 4027
JJP@pisanellibice.com
Debra L. Spinelli, Esq., Bar No. 9695
DLS@pisanellibice.com
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, NV 89101
Telephone: 702.214.2100
Facsimile: 702.214.2101

John N. Ellison, Esq. (admitted *pro hac vice*)
jellison@reedsmith.com
Reed Smith LLP
Three Logan Square
1717 Arch Street Suite 3100
Philadelphia, PA 19103
Telephone: 215.851.8100

Richard P. Lewis, Esq. (admitted *pro hac vice*)
rlewis@reedsmith.com
REED SMITH LLP
599 Lexington Avenue
New York, NY 10022
Telephone:  212.521.5400

*Attorneys for WP 6 Restaurant Management Group, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WP 6 RESTAURANT MANAGEMENT GROUP, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ZURICH AMERICAN INSURANCE COMPANY,<br><br>Defendant. | CASE NO.:  2:20-cv-01506-KJD-NJK<br><br>**MOTION FOR LEAVE TO AMEND COMPLAINT** |

Plaintiff WP 6 Restaurant Management Group, LLC ("Wolfgang Puck"), by and through its undersigned counsel, moves this Court for leave to amend its complaint under Fed. R. Civ. P. 15(a)(2) to add additional allegations relating to claims against Zurich American Insurance Company ("Zurich American").  At this early stage of a litigation especially, leave to amend is freely given when justice so requires, and justice so requires here.

1

This Motion is made and based on Rule 15 of the Federal Rules of Civil Procedure, the papers and pleadings on file herein, the following Memorandum of Points and Authorities, the exhibit thereto, and any oral argument this Court may allow.

DATED this 31st day of March, 2021.

                                              PISANELLI BICE PLLC

By:   */s/ Debra L. Spinelli*
      James J. Pisanelli, Esq., #4027
      Debra L. Spinelli, Esq., #9695
      400 South 7th Street, Suite 300
      Las Vegas, Nevada 89101

      John N. Ellison, Esq. (*admitted pro hac vice*)
      Richard P. Lewis, Esq. (*admitted pro hac vice*)
      REED SMITH LLP
      599 Lexington Avenue
      New York, NY 10022

*Attorneys for WP 6 Restaurant Management*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. BACKGROUND

On August 14, 2020, Wolfgang Puck filed this action, which arises out of Zurich American's wrongful denial of Wolfgang Puck's claim for coverage under an "all risks" insurance policy that Zurich American sold to Wolfgang Puck (the "Policy"). The salient background is set forth in Wolfgang Puck's original complaint. To summarize, Wolfgang Puck operates more than a dozen fine dining restaurants around the country, as well as premium catering services, 80 Wolfgang Puck Express operations, and management services to restaurants around the world.

The pandemic and the government's failure to contain the spread of the SARS-CoV-2 virus has devastated the global economy. COVID-19 is a deadly communicable disease resulting from the SARS-CoV-2 virus that has infected more than 30 million people in the United States and caused more than 500,000 deaths. It spreads through person-to-person transmission, aerosol-like spraying of the SARS-CoV-2 virus through enclosed spaces, and through contact with virus-contaminated objects and surfaces. In an effort to curb the spread of the pandemic, federal, state, and local authorities imposed closure orders that required "nonessential" businesses to close and residents to remain in their homes unless performing "essential" activities. As a result of these closure orders, the pandemic, and/or the presence or suspected presence of SARS-CoV-2 at Wolfgang Puck's insured properties, Wolfgang Puck has suffered substantial loss, including business income losses.

Wolfgang Puck gave timely notice to Zurich American of its covered losses under the Policy. Zurich American acknowledged this notice and, in the guise of conducting the investigation required of it by law and the customs and practices of the insurance industry, requested certain information from Wolfgang Puck. While Wolfgang Puck was in the course of responding to this request, Zurich American preemptively breached the Policy and issued a standard-form denial letter, complete with a blank spot for "**[the insured]**." Zurich American did not conduct a good faith investigation of Wolfgang Puck's claim, and did not consider the specific facts or the law applicable to Wolfgang Puck's claim in issuing its boilerplate denial of coverage.

1  As a result, Wolfgang Puck was forced to initiate this action to enforce its rights to full coverage under the Policy for its substantial losses, and to recover damages as a result of Zurich American's bad faith actions.

One issue raised by Zurich American's standard-form denial letter was the application of the Contamination Exclusion in the Policy. Wolfgang Puck's initial Complaint sets forth facts with respect to the Policy's Amendatory Endorsement – Louisiana, which changes the Contamination Exclusion to delete any reference to "virus." (the "Virus-Deletion Endorsement") *See* Compl. & Jury Demand (ECF No. 1), ¶¶ 135-137. As Wolfgang Puck alleges in its initial Complaint, the Virus-Deletion Endorsement applies to all claims under the Policy, as it contains express language saying it amends the Policy, as well as no language limiting its scope to any particular subset of claims. *Id.* ¶ 136. Nevertheless, Zurich American has taken the position that the endorsement, and its deletion of the term "virus," "only applies to insured properties or locations in Louisiana." *See* Zurich American Insurance Company's Answer and Affirmative and Other Defenses to WP 6 Restaurant Management Group, LLC's Complaint (ECF No. 15) ¶ 121.

Wolfgang Puck was recently made aware that subsequent to the pandemic raging across the United States, and only weeks after Wolfgang Puck filed its initial Complaint, Zurich American drafted, then sought and received regulatory approval from authorities in Louisiana, for a revision of the Virus-Deletion Endorsement which adds the following language that is not contained in the original Virus-Deletion Endorsement: "THIS ENDORSEMENT ONLY APPLIES IN LOUISIANA." *See* Wolfgang Puck's proposed Amended Complaint ¶ 137 n. 19, attached as **Exhibit A**. The origin of this amendment appeared in an exhibit to the February 26, 2021 complaint in *Watson Woods Healthcare, Inc, et al. v. Zurich Am. Ins. Co.*, No. 1:21-cv-01150 (N.D. Ill). Zurich American's addition of a geographical limitation in this post-pandemic version of the endorsement confirms that no such geographical limitation previously applied, and thus no geographical limitation applies to the Virus-Deletion Endorsement in the Policy. Wolfgang Puck seeks to amend its Complaint to plead these additional allegations making clear that the Virus-Deletion Endorsement does in fact apply to all properties or locations insured under the Policy.

4

On March 19, 2021, Wolfgang Puck sought the consent of Zurich American to file an amended complaint to include these additional allegations. On March 30, 2021, Zurich American denied consent.

## II.  ARGUMENT

### A.  Standard of Review.

When a party moves to amend its pleading after the deadline set forth in the scheduling order, the Court applies a two-step process. First, the Court determines whether to amend the scheduling order under the "good cause" standard of Fed. R. Civ. P. 16(b)(4), a standard that "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). If good cause is shown, the Court determines whether amendment is proper under Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) provides that the Court should give leave to amend "freely" when justice so requires, a policy that is applied with "extreme liberality." *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (quoting *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009)). The Court evaluates five factors to determine whether to grant leave to amend: undue delay, the movant's bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility. *Id.* The fourth factor, undue prejudice, carries the most weight. *Id.*; *see also Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Good cause exists here, and each of the Rule 15(a)(2) factors supports amendment in this case.

### B.  The Proposed Amendment Is Based on Events that Occurred after Wolfgang Puck Filed Its Complaint.

A party's delay in seeking leave to amend will not be used to deny its motion unless the delay is undue. *Tumbleweed Corp. v. C & F*, No. 3:07-cv-00126-BES-VPC, 2009 U.S. Dist. LEXIS 149476, at *10 (D. Nev. Mar. 13, 2009). Delay alone, however, is not sufficient to justify denial of leave to amend. *Id.*

1  Here, there was no delay by Wolfgang Puck.  Notably, Zurich American submitted its
2  request with the Louisiana Department of Insurance to revise the Virus-Deletion Endorsement to
3  add geographically-limiting language on August 31, 2020, approximately two weeks ***after***
4  Wolfgang Puck filed its initial Complaint.  *See* **Ex. A** ¶ 137 n. 19.  Wolfgang Puck learned of
5  these facts in early March 2021 by reading the complaint filed on February 26, 2021 in the
6  *Watson Woods Healthcare, Inc.* case, and shortly thereafter, on March 19, 2021, sought
7  Zurich American's consent to amend its Complaint to include allegations with respect to the same.
8  On March 30, 2021, Zurich American denied that request.  Wolfgang Puck promptly filed this
9  motion for leave to amend.  As such, Wolfgang Puck has not delayed in seeking leave to amend
10 its Complaint.

**C.  Permitting Amendment of the Complaint Will Not Prejudice Zurich American.**

The party opposing amendment has the burden of showing prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).  Here, Zurich American has no basis for claiming any prejudice.  While Wolfgang Puck's proposed amended complaint will add three additional paragraphs with supplemental factual allegations, these allegations are merely an elaboration upon the allegations already present in the Complaint.  The amendments will not change the nature or scope of the coverage issues set forth in the Complaint.  Moreover, Zurich American has no cause to complain, as it is obviously already well aware of the fact that it sought and received approval from Louisiana regulatory authorities to revise the Virus-Deletion Endorsement.

Further, given the early stage of this case, Wolfgang Puck's proposed amended complaint will not result in a delay to the resolution of this case, nor will it require that this Court amend the discovery schedule.  Indeed, discovery has barely begun and does not end until October 23, 2021, and dispositive motions are not due until November 22, 2021.  In any event, the proposed amendments will not materially affect the scope of ongoing discovery.  Under these circumstances, there is simply no prejudice to Zurich American.

### D. The Proposed Amendment Is Not Futile.

Wolfgang Puck seeks permission to amend its Complaint to include supplemental allegations more clearly establishing that the Virus-Deletion Endorsement is not geographically limited to insured properties in Louisiana. This amendment is not futile, as it provides additional detail and support for Wolfgang Puck's claim that it is entitled to coverage for its losses under the terms of the Policy. Wolfgang Puck's claims against Zurich American are not futile, and Wolfgang Puck should therefore be granted leave to amend.

## IV. CONCLUSION

For the reasons set forth above, the Court should grant Wolfgang Puck's request for leave to amend its Complaint. In accordance with LR 15-1(a), a proposed amended complaint is attached hereto as Exhibit A.

DATED this 31st day of March, 2021.

PISANELLI BICE PLLC

By: */s/ Debra L. Spinelli*
James J. Pisanelli, Esq., #4027
Debra L. Spinelli, Esq., #9695
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101

John N. Ellison, Esq. (*admitted pro hac vice*)
Richard P. Lewis, Esq. (*admitted pro hac vice*)
REED SMITH LLP
599 Lexington Avenue
New York, NY 10022

*Attorneys for WP 6 Restaurant Management*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of Pisanelli Bice PLLC, and that on this 31st day of March, 2021, I caused to be served through the Court's e-filing/e-service system a true and correct copy of the above and foregoing **MOTION FOR LEAVE TO AMEND COMPLAINT** to all persons signed up for electronic service.

Dominica C. Anderson (SBN 2988)
Daniel B. Heidtke (SBN 12975)
Tyson E. Hafen (SBN 13139)
DUANE MORRIS LLP
100 North City Parkway, Suite 1560
Las Vegas, NV 89106

Alicia G. Curran (admitted pro hac vice)
COZEN O'CONNOR
1717 Main Street, Suite 3100
Dallas, TX 75201

*Attorneys for Defendant Zurich American Insurance Company*

/s/ Kimberly Peets
An employee of Pisanelli Bice PLLC