UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WP 6 RESTAURANT MANAGEMENT GROUP, LLC,<br><br>    Plaintiff(s),<br><br>v.<br><br>ZURICH AMERICAN INSURANCE COMPANY,<br><br>    Defendant(s). | Case No.: 2:20-cv-01506-KJD-NJK<br><br>**ORDER**<br><br>[Docket No. 29] |

    Pending before the Court is Plaintiff's motion for leave to file an amended complaint. Docket No. 29. Defendant filed a response in opposition. Docket No. 31. Plaintiff filed a reply. Docket No. 33. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion for leave to amend is **GRANTED**.[1]

    Requests for leave to amend the pleadings filed on or before the amendment deadline are governed by Rule 15 of the Federal Rules of Civil Procedure.[2] Rule 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires," and there is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). As such, the Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per curiam*). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice

---

[1] It is within a magistrate judge's authority to grant leave to amend the complaint. *Vandehey v. Real Soc. Dynamics, Inc.*, 2017 WL 4411042, at *1 n.4 (D. Nev. Oct. 4, 2017) (citing *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1102 n.1 (9th Cir. 1985) and *Morgal v. Maricopa Cnty. Bd. of Sup'rs.*, 284 F.R.D. 452, 458 (D. Ariz. 2012)).

[2] The deadline to amend the pleadings does not expire in this case until June 25, 2021. *See* Docket No. 25 at 2.

to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has previously amended the complaint. *See id.* at 1052. Not all of these factors carry equal weight and prejudice is the "touchstone." *Id.* Absent a showing of prejudice or a strong showing of any of the remaining factors, there is a presumption that leave to amend should be granted. *Id.* The party opposing the amendment bears the burden of showing why leave should be denied. *Desert Protective Council v. U.S. Dept. of the Interior*, 927 F. Supp. 2d 949, 962 (S.D. Cal. 2013) (citing *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989)).

Defendant has not carried its burden in opposing the motion in this case. The proposed amended complaint would add three paragraphs of allegations regarding Defendant's actions with respect to Louisiana regulators, as well as two exhibits. *See* Resp. at 4. Defendant's argument is, at bottom, that the new allegations and exhibits will not impact the outcome of this case, rendering them "irrelevant and immaterial." *E.g.*, *id.* at 2. For example, Defendant argues that consideration of the proposed exhibits would violate the parol evidence rule and that the allegations do not provide a basis on which Plaintiff can prevail on its claims. *See id.* at 5-7. The overriding problems with Defendant's position are that (1) irrelevance and immateriality are not enumerated grounds on which to deny leave to amend[3] and (2) its merits-based legal arguments are more properly presented through merits-based motion practice rather than in opposing leave to amend. *Cf. Steward v. CMRE Fin. Servs., Inc.*, 2015 WL 6123202, at *2 (D. Nev. Oct. 16, 2015) (discussing preference for deferring futility arguments until after amended pleading has been filed and arguments are raised in substantive motion practice).

Moreover and significantly, Defendant makes no meaningful attempt to establish the touchstone of prejudice. The best Defendant can muster is an argument that allowing amendment may cause confusion because the policy at issue should be construed by its written terms alone. *See, e.g.*, Resp. at 7. Defendant has not made any meaningful showing that there is a discernible

---

[3] Defendant's filing sounds more like a motion to strike. *See* Fed. R. Civ. P. 12(c). Of course, a motion to strike is highly disfavored, *Edwards v. Juan Martinez, Inc.*, ___ F. Supp. 3d ___, 2020 WL 7260931, at *9 (D. Nev. Dec. 10, 2020), and must generally be supported by an additional showing of prejudice, *e.g.*, *Roadhouse v. Las Vegas Metro. Police Dept.*, 290 F.R.D. 535, 543 (D. Nev. 2013). A persuasive showing of prejudice has not been made here.

risk of confusion simply because it intends to argue later that the information at bar is irrelevant. *Cf. Riverport Ins. Co. v. State Farm Fire & Cas. Co.*, 2018 WL 6435883, at *2 (D. Nev. Dec. 6, 2018) (compelling discovery despite contention that it was unnecessary based on the defendant's position that insurance policy was not ambiguous). Hence, the Court is not persuaded that Defendant will be prejudiced by allowing amendment. Moreover, no strong showing has been made as to any of the other applicable factors.

Accordingly, the motion for leave to amend is hereby **GRANTED**. Plaintiff must promptly file and serve the amended complaint. *See* Local Rule 15-1.

IT IS SO ORDERED.

Dated: April 23, 2021

_____
Nancy J. Koppe
United States Magistrate Judge

3