1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

7  WP 6 RESTAURANT MANAGEMENT
8  GROUP, LLC,

9          Plaintiff(s),

10  v.

11  ZURICH AMERICAN INSURANCE
    COMPANY,

12          Defendant(s).

Case No. 2:20-cv-01506-KJD-NJK

**Order**

[Docket Nos. 44, 46]

13          Pending before the Court is Defendant's motion to stay discovery pending resolution of its
14  motion to dismiss.  Docket No. 44; *see also* Docket No. 42 (motion to dismiss).  Plaintiff filed a
15  response in opposition.  Docket No. 50.  Defendant filed a reply.  Docket No. 55.  The motion to
16  stay discovery is properly resolved without a hearing.  *See* Local Rule 78-1.  For the reasons
17  discussed below, the motion to stay discovery is **GRANTED**.[1]

18          The Court has broad discretionary power to control discovery.  *See, e.g.*, *Little v. City of*
19  *Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  "The Federal Rules of Civil Procedure do not provide
20  for automatic or blanket stays of discovery when a potentially dispositive motion is pending."
21  *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011).  Discovery should proceed
22  absent a "strong showing" to the contrary.  *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175
23  F.R.D. 554, 556 (D. Nev. 1997).  The case law in this District makes clear that requests to stay
24  discovery may be granted when: (1) the underlying motion is potentially dispositive in scope and
25  effect; (2) the underlying motion can be decided without additional discovery; and (3) the Court
26  has taken a "preliminary peek" at the merits of the underlying motion and is convinced that the

27
---
28  [1] As a result, Plaintiff's pending motion to compel discovery (Docket No. 46) is **DENIED** without prejudice.

1

plaintiff will be unable to prevail. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). The Court is guided in its analysis by the objectives in Rule 1 to secure a just, speedy, and inexpensive determination of cases. *Tradebay*, 278 F.R.D. at 602.

The Court is satisfied that a stay of discovery is appropriate in this case. As to the first two requirements, the motion to dismiss is potentially dispositive of this case and it can be decided without discovery. As to the third requirement, the undersigned's evaluation of the motion to dismiss reveals that it is sufficiently meritorious to justify a stay of discovery. Indeed, Defendant's position in seeking dismissal is consistent with the majority of cases addressing similar pandemic-related insurance disputes brought by businesses, including decisions from within this District. *See, e.g.*, *Circus Circus LV, LP v. AIG Spec. Ins. Co.*, ___ F. Supp. 3d ____, 2021 WL 769660 (D. Nev. Feb. 26, 2021).[2]

Accordingly, Defendant's motion to stay discovery (Docket No. 44) is **GRANTED**. As a result, Plaintiff's pending motion to compel discovery (Docket No. 46) is **DENIED** without prejudice.

In the event resolution of Defendant's motion to dismiss does not result in the termination of this case, an amended discovery plan or joint status report must be filed within 14 days of the issuance of such order.

IT IS SO ORDERED.

Dated: June 9, 2021

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] Conducting the preliminary peek puts the undersigned in an awkward position because the assigned district judge who will decide the motion to dismiss may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of that motion is not intended to prejudice its outcome. *See id.* As a result, the undersigned will not provide a lengthy discussion of the merits of the pending motion to dismiss in this instance. Nonetheless, the undersigned has carefully reviewed the arguments presented in the motion to dismiss and subsequent briefing.